### BOWMAN et al. v. WILLIAMSON et al.
### No. 4173.

Court of Civil Appeals of Texas. Texarkana. April 21, 1932.

Rehearing Denied May 5, 1932.

Perkins & Perkins, of Rusk, W. O. Seale, of Lufkin, and Thomas Shearon, of Rusk, for appellants.

Burris, Norman & Heinson, of Houston, for appellees.

SELLERS, J.

This was a proceeding instituted in the probate court of Cherokee county by D. E. Williamson, G. S. Williamson, and Winona Inez Williamson Mayne, joined by her husband, the appellees herein, against E. R. Latham, as guardian of their estate, and J. H. Bowman, J. W. Sessions, and Eli Bailey, as sureties upon Latham's bond as such guardian.

The appellees, having reached twenty-one years of age, sought by this proceeding, among other things, to secure an accounting by the guardian and his bondsmen of the estate belonging to the appellees. The guardian and bondsmen were notified to appear on April 6, 1931, to show how such estate had been administered and to show cause why such estate should not be distributed among the beneficiaries in proportion to their interest therein, and for the closing of such guardianship proceedings.

On April 9, 1931, the hearing having been postponed from April 6th, the bondsmen filed a general demurrer and two special exceptions to the pleadings of the appellees, but the guardian made no answer whatsoever. The court overruled the bondsmen's general demurrer and one special exception, sustaining the other exception, and to this ruling the bondsmen excepted and gave notice of appeal to the district court of Cherokee county.

On this same date the court entered an order requiring the guardian and bondsmen to file within thirty days a report showing the condition of the estate.

The bondsmen on April 28, 1931, filed in the probate court a pleading designated "bondsmen's bill of review," seeking to have the court set aside its order of April 9th ruling on the demurrer and exceptions, it being the contention of the bondsmen that the ruling on the exception had the effect of releasing them from the bond, and that the order on the demurrer and exceptions should have so provided. The court overruled their bill of review, to which action the bondsmen excepted and gave notice of appeal to the district

court of Cherokee county and in due time prosecuted their appeal to said court.

When the case was called for trial in the district court, the appellees filed motion to dismiss the appeal for want of jurisdiction, which motion was heard and sustained by the court and the case dismissed. From this order of dismissal the bondsmen have duly prosecuted this appeal, and the district court's order dismissing this suit is now before this court for review.

 It is well settled in this state that an appeal will not lie from an order overruling or sustaining a general demurrer, to say nothing of a special exception, unless the order sustaining the demurrer goes further and dismisses the case. Harrell v. Harrell (Tex. Civ. App.) 284 S. W. 611. It is clear from the record in this case that the court did not, in his order passing upon appellants' demurrer and exceptions, undertake to dispose of this case.

Under the above authority it is believed that the court did not err in dismissing this appeal.

The judgment of the district court will be affirmed.